IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TAMMY GIPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 08-2300 |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY and LORI | ) |
| GIEWONT, Individually and as a Personal | ) |
| Representative and Surviving Spouse of | ) |
| Phillip Giewont, Deceased, | ) |
| | ) |
| Defendants. | ) |

ORDER GRANTING PLAINTIFF'S MOTIONS TO REMAND

ORDER GRANTING DEFENDANT LORI GIEWONT'S MOTION TO REMAND

ORDER DENYING DEFENDANT STATE FARM'S MOTION TO REALIGN PARTIES

Before the Court are Plaintiff Tammy Gipson's ("Gipson") Motion to Remand (D.E. #9),

Defendant Lori Giewont's ("Giewont") Motion to Remand (D.E. #10), and Defendant State Farm

Automobile Insurance Company's ("State Farm") Motion to Realign Parties (D.E. #12). Gipson and

Giewont seek the Court to remand the case to the Circuit Court of Shelby County, Tennessee for the

Thirtieth Judicial District because Giewont did not consent to the removal.  Additionally, Gipson

and Giewont seek that the Court award the attorneys' fees and costs associated with the filing of this

motion.  State Farm responds that Giewont's consent to removal is not required because she is a

nominal, formal, unnecessary, and dispensable defendant who was fraudulently joined in order to

refuse consent to removal jurisdiction.  In the alternative, State Farm requests that the Court realign

1

the parties, asserting that Giewont should be classified as a co-plaintiff, whose consent to removal is not necessary, because Giewont's interest in obtaining relief from State Farm is aligned with Gipson in the present action.  For the reasons set forth herein, Gipson's Motion to Remand and Giewont's Motion to Remand are GRANTED, but the Court declines to award the attorneys' fees and costs associated with the filing of this motion.  State Farm's Motion to Realign is DENIED.

## I.  Introduction

In an underlying lawsuit, Giewont obtained a six-million-dollar judgment against Gipson for the wrongful death of her husband, Philip D. Giewont.  Mr. Giewont was killed when Gipson's automobile struck him while he was riding his bicycle.  Subsequently, Gipson and State Farm disputed the automobile insurance coverage determination.  The dispute culminated in the present litigation, in which Gipson alleges breach of contract, violations of the Tennessee bad faith statute, see Tenn. Code Ann. § 56-7-105, the tort of bad faith, and violations of the Tennessee Consumer Protection Act, see Tenn. Code Ann. § 47-18-102 against State Farm.  Gipson further seeks injunctive relief against Giewont to stay the execution of the judgment pending adjudication of the claims against State Farm.

On May 15, 2008, State Farm filed a Notice of Removal.  Defendant Giewont did not consent to the removal.  Both Gipson and Giewont notified State Farm that they contended the removal was improper, but State Farm responded that Giewont's consent should not be required for removal.  Accordingly, Gipson and Giewont filed the instant motions, and State Farm filed a cross-motion seeking that this Court realign the parties according to their allegedly shared interests in recovery from State Farm.

## II.  Analysis

The critical issue in the instant motions is whether Giewont's consent is necessary for State Farm to remove the case to federal court. "The rule of unanimity requires that in order for a notice of removal to be properly before the court, *all defendants* who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 n.3 (6th Cir. 1999) (emphasis added). "[F]rank opposition to removal by a codefendant who affirmatively seeks a remand within the thirty-day period satisfies the prerequisite of a motion, and empowers the district court to enforce the unanimity requirement." Loftis v. United Parcel Service, Inc., 342 F.3d 509, 517 (6th Cir. 2003). Accordingly, the general rule is that "[f]ailure to obtain unanimous consent forecloses the opportunity for removal" under 28 U.S.C. § 1446.

## A. Fraudulent Joinder

Although the general rule is that consent of all defendants is required for removal, certain exceptions exist. First, the doctrine of fraudulent joinder prevents a plaintiff from intentionally destroying diversity jurisdiction by naming a resident defendant in the action. The Sixth Circuit has determined that, "[w]hen a *non-diverse* party has been joined in the absence of a substantial federal question[,] the removing defendant may avoid remand only by demonstrating that the *non-diverse* party was fraudulently joined." Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999) (emphasis added). The burden of proof of fraudulent joinder rests upon the party seeking removal to "present sufficient evidence that a plaintiff could not have established a cause of action against *non-diverse* defendants under state law." Coyne v. American Tobacco Co., 183 F.3d 488 (6th Cir. 1999) (emphasis added). On the contrary, "if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the

3

action to state court." Id.  "All doubts as to the propriety of removal are resolved in favor of remand." Id.

In the present case, State Farm asserts that Gipson fraudulently joined Giewont.  It is essential to note, however, that even State Farm does not dispute that Giewont is a *diverse* party as a citizen and resident of Pennsylvania.  Although the doctrine of fraudulent joinder specifically applies to the joinder of a *non-diverse* party, State Farm claims that the same rationale should apply because Giewont "constitutes a fraudulently joined party to defeat diversity jurisdiction by virtue of refusing to consent to removal jurisdiction." Def. State Farms's Resp. at 5.  Although State Farm makes a novel argument, the Court is not persuaded to adopt this reasoning because fraudulent joinder "is a judicially created doctrine that provides *an exception to the requirement of complete diversity."* Coyne, 183 F.3d at 493 (citation omitted).  In a situation such as the present case where complete diversity undisputedly exists, the doctrine of fraudulent joinder is inapplicable. Accordingly, the Court finds that the doctrine of fraudulent joinder cannot excuse State Farm's failure to obtain Giewont's consent for removal.

### 2.  Nominal, Formal, Unnecessary, or Dispensable Defendant

Next, State Farm asserts that Giewont's consent is not required for removal because she is a "nominal, formal, unnecessary, and dispensable defendant." Def. State Farm's Resp. at 5.  State Farm argues that such parties are not required to consent to a notice of removal. See, e.g. Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349, 427 F.2d 325, 327 (5th Cir. 1970).  The Tri-Cities court held that "[t]he ultimate test of whether the defendants are indispensable parties is whether in the absence of the [defendants], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or

inequitable to [plaintiff]."  Id.

In the present case, Gipson alleges various claims against State Farm regarding the insurance coverage determination and seeks injunctive relief against Giewont.  Although State Farm asserts that "Plaintiff's claims are clearly directed to State Farm and arise out of the policy of insurance issued to Plaintiff by State Farm," the Court disagrees with this characterization.  Gipson's request for injunctive relief against Giewont is itself an integral part of the litigation.  Gipson and Giewont are clearly adversarial parties with respect to equitable relief as Giewont seeks to enforce the judgment immediately and Gipson claims that doing so would cause her "immediate injury and irreparable harm" and "leav[e] her in a state of financial ruin."  Compl. ¶¶ 74-75.  Because Giewont must be a named defendant for the court to be able to provide equitable relief, the Court does not find that Giewont is a nominal, formal, unnecessary or dispensable defendant.  Accordingly, the Court finds that this exception cannot excuse State Farm's failure to obtain Giewont's consent for removal.

## C.  Realignment of Parties

Finally, State Farm asserts that this Court should realign the parties and classify Giewont as a co-plaintiff in this case.  The rationale put forth by State Farm is that, if Giewont is realigned as a Plaintiff, State Farm would be the only defendant that needed to consent to removal.  As grounds for its request to realign, State Farm states that both Gipson and Giewont "hope to receive the same outcome" to satisfy the wrongful-death judgment with insurance proceeds.  Def. State Farm's Resp. at 9.

Even assuming, *arguendo*, that Gipson and Giewont share an interest in having the judgment satisfied by State Farm, the Court is not convinced that this fact alone is sufficient to realign

Giewont as a co-plaintiff and permit removal on that basis.  Initially, Gipson and Giewont have an adversarial relationship by the mere circumstances of the underlying litigation.  Further, Gipson seeks injunctive relief against Giewont in the present litigation.  In the Complaint, Gipson asserts that Giewont is "making threats and attempting to execute upon the excess judgment" and that her "personal assets and livelihood are being threatened as she is in apprehension of a threat of immediate injury and irreparable harm."  Compl. ¶ 74.  Accordingly, Gipson requests that the court stay the execution of the judgment against her pending the adjudication of the claims against State Farm.  Compl. ¶ 78.  In her Answer, Giewont explicitly admits to "communicating to the Plaintiff her prospective intention to execute on the judgment."  Answer ¶ 74.

In light of the allegations in the Complaint and the responses in Giewont's Answer, the Court declines to realign Giewont as a co-Plaintiff in the instant litigation to thereby permit removal of this action on that basis.  If any realignment of parties is appropriate, that issue should be determined by the Circuit Court of Shelby County upon remand.

### III.  Conclusion

Because the Court disagrees with State Farm's assertion that Giewont's consent was not required for removal, the Court GRANTS Gipson's Motion to Remand and Giewont's Motion to Remand.  State Farm's Motion to realign parties is DENIED.  **This case is hereby REMANDED to the Circuit Court of Shelby County, Thirtieth Judicial District at Memphis.**  The Court declines to award attorneys' fees and costs associated with the filing of this motion.

**IT IS SO ORDERED** this 2nd day of December, 2008.

s/ Gerald B. Cohn
GERALD B. COHN
UNITED STATES MAGISTRATE JUDGE